
**SEALED**

**FILED**
July 26, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___NM___
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>(1) MARCO ANTONIO ZUNIGA-CARBAJAL<br>  AKA "TOCAYO"<br><br>(2) PENNY PONCE<br>AKA "JEN"<br><br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br><br>Defendants. | SA-21-CR-00449-XR<br><br>FIRST SUPERSEDING INDICTMENT<br><br>COUNT ONE: 21 U.S.C. §846 Conspiracy to Possess with Intent to Distribute More Than One Kilogram of a Mixture or Substance Containing Heroin<br><br>COUNT TWO: 18 U.S.C. §371, 31 U.S.C. §5332 Conspiracy to Smuggle Bulk Cash Out of the United States<br><br>COUNTS THREE AND FOUR: 21 U.S.C. §841 Aiding and Abetting Possession with Intent to Distribute More Than 100 Grams of a Mixture or Substance Containing Heroin<br><br>COUNT FIVE: 21 U.S.C. §841 Possession with Intent to Distribute Heroin |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]

That beginning in or around April 2021, the precise date unknown, and continuing to on or about September 29, 2021, in the Western District of Texas, Defendants

**MARCO ANTONIO ZUNIGA-CARBAJAL,
AKA "TOCAYO" (1),
PENNY PONCE, AKA "JEN" (2), AND**

1

███████████████████████████████████████

did knowingly and intentionally combine, conspire, confederate and agree with each other and others to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

### COUNT TWO
### [18 U.S.C. § 371; 31 U.S.C. § 5332]

That beginning in or around April 2021, the precise date unknown, and continuing to on or about September 29, 2021, in the Western District of Texas, Defendants

**MARCO ANTONIO ZUNIGA-CARBAJAL,
AKA "TOCAYO" (1) and
PENNY PONCE, AKA "JEN" (2)**

did knowingly and willfully conspire and agree with each other and others to commit certain offenses against the United States: that is, with the intent to evade a currency reporting requirement, to knowingly conceal more than $10,000 in currency and transport such currency from a place within the United States to a place outside the United States, in violation of Title 18, United States Code, Section 371, and Title 31, United States Code, Section 5332.

It was part of the conspiracy, and the object thereof, for Marco Antonio Zuniga-Carbajal, Penny Ponce, and others to unlawfully conceal narcotics proceeds and transport them from the United States to Mexico.

### OVERT ACTS

In furtherance of the conspiracy and to affect the object thereof, Marco Zuniga-Carbajal and Penny Ponce committed numerous overt acts, which included the following:

1. On or about April 8, 2021, Ponce directed another person to deliver heroin in exchange for $11,400.

2. On or about May 19, 2021, Zuniga-Carbajal told Ponce that he hoped she had more than $100,000 in narcotics proceeds to deliver to him.

3. On or about August 20, 2021, Ponce was in possession of approximately $72,983 of narcotics proceeds that she intended to deliver to Zuniga-Carbajal.

4. On or about September 14, 2021, Ponce told Zuniga-Carbajal that she had $25,000 to give him.

5. On or about September 29, 2021, Ponce delivered approximately $26,864 of narcotics proceeds to Zuniga-Carbajal.

6. On or about September 29, 2021, Zuniga-Carbajal was in possession of the narcotics proceeds that he received from Ponce that day, as well as approximately $428,591 of additional narcotics proceeds.

7. At all times during this conspiracy, the object of the conspiracy was to transport bulk cash proceeds from the sale of heroin in the United States to heroin suppliers in Mexico.

## COUNT THREE
**[21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2]**

That on or about April 8, 2021, in the Western District of Texas, Defendant

**PENNY PONCE, AKA "JEN" (2)**

did knowingly, intentionally and unlawfully possess, and aid and abet another to possess, with intent to distribute 100 grams or more of a mixture or substance containing a detectable quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

### COUNT FOUR
### [21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2]

That on or about July 27, 2021, in the Western District of Texas, Defendant

### PENNY PONCE, AKA "JEN" (2)

did knowingly, intentionally and unlawfully possess, and aid and abet another to possess, with intent to distribute 100 grams or more of a mixture or substance containing a detectable quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18 United States Code Section 2.

### COUNT FIVE
### [21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); 18 U.S.C. § 2]

That on or about August 10, 2021, in the Western District of Texas, Defendants

### PENNY PONCE, AKA "JEN" (2) and ███████

did knowingly, intentionally and unlawfully possess, and aid and abet each other to possess, with intent to distribute a detectable quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18 United States Code Section 2.

### NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

**I.**

### Drug Violations and Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the criminal violations set forth above, the United States gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which states:

4

**Title 21 U.S.C. § 853. Criminal forfeitures**
    **(a) Property subject to criminal forfeitures.**
Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--

        (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

        (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

This Notice of Demand for Forfeiture includes but is not limited to the following property:

1. $26,864.00, more or less, in United States Currency;
2. $428,591.00, more or less, in United States Currency;
3. $72,983.00, more or less, in United States Currency;
4. Taurus PT738, Pistol, S/N: 80619B;
5. DPMS AR-15 5.56 Rifle, S/N: FFH060571;
6. Walther PPX .40 caliber Pistol, S/N: FAS4893;
7. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses; and
8. Any and all other property and/or accessories involved in or used in the commission of the criminal offense.

A TRUE BILL.

██████████████████████
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _[signature]_
FOR ERIC YUEN
Assistant United States Attorney

5